Judge Edwin A. Lombard
|]The 16 year old juvenile, T.B.,[1] challenges the sufficiency of the evidence underlying his adjudication of delinquency. After review of the record in light of the applicable law and arguments of the parties, we affirm the juvenile’s adjudication.

Procedural History

On October 22, 2015, the State filed a petition charging the juvenile with one count of battery of a school teacher in violation of La. Rev. Stat. 14:34.1 (A).[2] After an adjudication hearing on January 28, 2016, T.B. was adjudicated delinquent as charged and sentenced to six months inactive probation.
This timely appeal was filed on January 29, 2016.

Standard of Review

In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the- defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Brown, 2003-0897 (La. 4/12/05), 907 So.2d 1, 18. Specifically, an 12appellate court must determine that the evidence was sufficient to convince a rational trier of fact “that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 2000-0674 (La. 6/29/01), 796 So.2d 649, 657 (citation omitted). This standard of review is applicable to juvenile delinquency cases. Thus, in order to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed the delinquent act alleged in the petition. La. Ch. Code art. 883.
It is for the trier of fact, in this case the juvenile court judge, to make credibility determinations. State v. Woods, 2000-2712 La.App. 4 Cir. 5/29/02, 828 So.2d 6, 10; State v. Brumfield, 1993-2404 (La.App. 4 Cir. 6/15/94), 639 So.2d 312, 316. It is the duty of the trier of fact to weigh the evidence and, in so doing, the trier of fact may accept or reject testimony, in whole or in part. State v. Silman, 95-0154 (La. 11/27/95), 663 So.2d 27, 35.

Applicable Law

La. Rev. Stat. 14:33: defines battery as the “intentional use of force or violence upon the person of another.” La. Rev. Stat. 14:34.3 (A) is a battery committed without the consent of victim when offender has reasonable grounds to believe victim is school teacher acting in performance of duties. Accordingly, the burden is on the State to prove the following elements beyond a reasonable doubt: (1) an intentional *816 use of force or violence by the offender; (2) that the use of force or violence was without the victim’s consent; (3) that the offender has reasonable grounds to believe the victim is a school teacher; and 4) the school teacher was in |sthe performance of her employment duties as a teacher. State ex rel. C.N., 2011-0074 (La.App. 4 Cir. 6/29/11), 69 So.3d 711, 715.

Discussion

The following evidence was adduced through the testimony of Jeffrey Johnson, a uniformed school security officer at Algiers Charter Technology Academy. Glenda Banks, the' school secretary, and Michael Duzmal, the arresting New Orleans Police Department (NOPD) officer.
On October 13, 2015, T.B. encountered Mr, Johnson in the hallway after leaving his classroom. Mr. Johnson instructed T.B. to return to the classroom and, when T.B. refused, told him to return to class or report for in-school suspension. T.B. failed to comply with Mr. Johnson’s directive but walked towards the exit of the school building. Mr. Johnson followed and, when T.B. stopped before exiting the building, instructed him to either return to the classroom or leave the building. T.B., using profane language, announced his intention to go home, forcefully opened the front door of the school, and walked outside. Mr. Johnson started to return to his station but was stopped by a radio call from Ms. Banks reporting that T.B. was kicking and throwing his book sack at the glass window in front of the school. Accordingly, Mr. Johnson walked to the porch of the front entrance of the school and observed T.B. kicking, punching, and throwing his book sack against the glass.
Mr. Johnson advised T.B. to leave school property or face disciplinary action. T.B. did not comply, telling Mr. Johnson in profane language to stay away from him and not touch him. Gripping T.B.’s arm just above the elbow, Mr. Johnson attempted to escort T.B. down the steps of the school. T.B. jerked away, swinging his book sack at Mr. Johnson, striking him in the chest and then resumed [4kicking and swinging his book sack at the glass, screaming profanities. Mr. Johnson attempted to restrain T.B. but after T.B. hit him in the neck and tried to bite him, Mr. Johnson released T.B. and called for assistance. With the help of other school personnel, T.B. was restrained in handcuffs until a NOPD officer arrived and arrested him.
T.B. testified that he left his classroom and, while walking to the principal’s office, Mr. Johnson called his name, grabbed his book sack, and hit him in the back. T.B. stated that he “swiped fast,” moving Mr. Johnson’s hand from his book sack and back. According to T.B., he and Mr. Johnson began “cursing each other out” and Mr. Johnson directed him to either go to in-school suspension or home before throwing his book sack to the stairwell on the stairs outside the school. T.B. stated that he walked outside the school to retrieve his book sack and “was screaming to Ms. Banks to tell her that I don’t have no way home.” T.B. claimed that Mr. Johnson pushed his arm “all the way to the back of my head” and “[tjhat’s why I was throwing my book sack to the window, so he could let me go.”
Appellant counsel does not dispute that an encounter occurred or that T.B. struck Mr. Johnson in the midst of the encounter. Rather, she argues the evidence is insufficient because the State failed to rebut that (1) the act was committed with requisite intent; (2) the officer did not consent to being hit; and that (3) T.B. was not acting in self-defense.
Although appellant counsel frames her argument in terms of the State’s failure to *817 rebut T.B.’s testimony, this is a simple credibility assessment. The trial judge found the testimony of the school secretary, school security guard, and arresting officer more credible than T.B.’s version of events. Similarly, appellant counsel’s arguments that the security guard consented to the battery because he |stouched an aggressive student and that the student was acting in self-defense because a “security officer should have to be trained in how not to escalate school behavior situations” are without jurisprudential foundation.
Under our standard of review and Jackson v. Virginia, we defer to the credibility assessment of the fact finder and one witness’s testimony is enough uphold a conviction/adjudication. Appellant counsel’s arguments are without merit.

Conclusion

We affirm the adjudication of delinquency.
AFFIRMED.

. As is the custom of this court, we refer to the juvenile by his initials.

. In the context of this statute, a school teacher is defined as personnel employed by local public school board; the juvenile does not challenge the categorization of Mr. Johnson as a school teacher.